THE SOUTHERN PACIFIC RAILWAY COMPANY v. GEORGE H. STANLEY.

No. 2767.

1. **Appeal Bond.**—In an appeal bond from a Justice Court, the use of the word "or" in the following connection, "Shall prosecute its appeal to effect or pay," instead of the word "and," does not render the bond void.

2. **Same.**—Although an error as to date be made in an appeal bond in its reference to the time when the judgment appealed from was rendered, it will not be fatal to the bond if the judgment be described in other respects so fully as to identify it beyond reasonable doubt.

APPEAL from Wharton. Tried below before Hon. Wm. H. Burkhart. The opinion discloses the case.

*Stockdale & Proctor,* for appellant.—1. The court erred in sustaining plaintiff's exception to the defendant's appeal bond as to the manner in which said appeal bond was conditioned. Said bond was conditioned, "shall prosecute its appeal to effect or shall pay off and satisfy the judgment which may be rendered against it on said appeal." Robinson v. Brinson, 20 Texas, 438; Zapp v. Michaelis, 56 Texas, 395; Worley v. Hudson, 2 Ct. App. C. C., 26.

2.   The court erred in sustaining plaintiff's exception to said appeal bond as to misdescription of the judgment in said bond, because read with reference to the recitals of the transcript from the Justice Court, said judgment was sufficiently described in said appeal bond.   Herndon v. Bremond, 17 Texas, 434; In Re Estate of O'Hara, 60 Texas, 179.

3.   The recital of the transcript showing that the very bond now in issue was approved and filed as perfecting appeal from the very judgment set out in said transcript sufficiently indentified the judgment recited in said bond with the judgment in the Justice Court.   Whitman Agr. Co. v. Voss, 2 Ct. App. C. C., 548; Owens v. Levy, 2 Ct. App. C. C., 408.

No brief on file for appellee.

GAINES, ASSOCIATE JUSTICE.—Appellee, on the 27th day of November, 1888, in cause No. 550, in the Justice Court of Precinct No. 1 of Wharton County, recovered a judgment against appellant for the sum of $58.50 and for costs of suit.   On the 24th of December, 1888, appellant filed a bond, which was approved by the justice, for an appeal to the District Court.   In describing the judgment in the bond, the number of the case, the style of the court, the names of the. parties, and the amount and effect of the judgment are accurately stated, but the date is given as the 1st of December instead of the 27th of November.   Also the condition of the bond reads, "shall prosecute its appeal to effect *or* pay," etc. On motion in the District Court the appeal was dismissed.   The grounds of the motion were, (1) that the judgment was misdescribed, (2) that the condition was not such as the law requires, and (3) that the bond recites a judgment rendered on Sunday.

The second ground of objection was not well taken.   The condition provided by our statute for an appeal bond from the District to the Supreme Court is very similar to that for appeal bonds from the Justice Courts, and it has long since been settled that the use of the word *or* instead of *and* in the condition of the former bond does not change its legal effect, and therefore does not render it void.   Robinson v. Brinson, 20 Texas, 438.

Neither does such a departure from the language of the statute change the effect of a bond for an appeal from a judgment in a Justice Court, and the same rule should be applied.   That the rule does apply is expressly held by our Court of Appeals.   Worley v. Hudson, 2 Wills. C. C., sec. 26.

The question of the effect of misrecital of the date is one of more difficulty.   The date of a judgment is one of the most important features by which it can be identified.   The same judgment can not have two dates. It is probably for this reason that we have not been able to find any decision in our reports in which it has been held that the misrecital of the date of the judgment in the appeal bond is fatal to the appeal.   But it has

been held that it is not necessary that the date should be stated, and the sole purpose it can serve is to aid in identifying the judgment appealed from.    Such is the sole purpose of any part of the description.

In Cochrane v. Day, 27 Texas, 385, in speaking of the description required in a petition in error, Judge Moore uses this language: "But it has been held that the petition or citation must describe the judgment with sufficient accuracy to notify the defendant with reasonable certainty what judgment it is proposed to revise." We think this indicates the correct and reasonable rule as applied to appeal bonds. The object of the description in the bond is not only accurately to define the obligation of the sureties, but it is to show the court to which the appeal is taken that the required bond has been given in the identical case in which the judgment appealed from is rendered. There should be such definiteness and accuracy in the description that the identity can be made certain without resort to evidence dehors the record.

It seems to us, therefore, that although a discrepancy or misdescription may exist, this should not be held fatal to the bond, provided the judgment is so fully described in other respects as to identify it beyond any reasonable doubt. In this case we have the court, the names of the parties, the amount and effect of the judgment, all correctly stated, and in addition thereto the correct number of the case. It is possible that in the same court two judgments may have been rendered between the same parties, to the same effect, and for the same amount, even on the same day; but if the officer has done his duty in numbering his cases upon the docket it is impossible that there could be two with the same number. The date is not so determinate an element of description as the number of the case. It is a false idea that there is any peculiar sanctity about the date of the judgment. Being relieved of this idea, we think there should be no difficulty in concluding that the misrecital of its date in an appeal bond should not necessarily be held fatal to it. Like any other misrecital, it should be disregarded, provided the other elements of the description show with reasonable certainty that it can be no other than the judgment appealed from. The rule "*falsa demonstratio non vocet*" applies in this as in other cases.

Whether the date of the judgment recited in the bond was Sunday or not we deem unimportant. The other recitals in the bond show that the judgment intended was the judgment of the 27th of November, from which the appeal was taken.

We think the appeal bond was sufficient, and for the error of the court in dismissing the appeal on account of the objections thereto, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered March 4, 1890.