## L. T. Edwards v. J. A. Allen.

### (No. 3855.)

Appeal from Bowie County.

Henry & Henry, counsel for appellant.

No counsel appeared for appellee.

§ 262. *Appeal bond; erroneous description in of judgment, not fatal when.*   Appellant on January 28, 1891, filed suit in the justice's court of precinct No. 1 of Bowie county.   On April 28th following the cause was tried, which resulted unfavorably to appellant, and he appealed to the county court.   On July 30th the appellee filed his motion to dismiss the appeal.   This motion was sustained, and the appeal dismissed.   The basis of this motion was an alleged misdescription of the judgment in setting out the date thereof in the appeal bond.   The judgment was rendered on April 28, 1891, whereas the appeal bond described it as having been rendered on May 28, 1891.   The judgment was in all other respects fully described.   This ruling of the court is assigned as error. This question was before our supreme court, and Gaines, J., delivering the opinion of the court, said: "The date of a judgment is one of the most important features by which it can be identified.   The same judgment cannot have two dates. . . .   But it has been held that it is not necessary that the date should be stated, and the sole purpose it can serve is to aid in identifying the judgment appealed from.   Such is the sole purpose of any part of the description. . . .   The object of the description

456

in the bond is not only accurately to define the obligation of the sureties, but it is to show the court to which the appeal is taken that the required bond has been given in the identical case in which the judgment appealed from is rendered.    There should be such definiteness and accuracy in the description that the identity can be made certain without resort to evidence *dehors* the record.    It seems to us, therefore, that, although a discrepancy or misdescription may exist, this should not be held fatal to the bond, provided the judgment is so fully described in other respects as to identify it beyond any reasonable doubt." [Railway Co. v. Stanley, 76 Tex. 418.]    The language quoted is directly in point, and we believe the conclusion there reached the correct one, and decisive of the question involved in this appeal.    In the case under consideration the appeal bond correctly states the court in which the judgment was rendered, the names of the parties to the suit, and the correct number of the case upon the docket, and the amount and effect of the judgment.    It can hardly be possible that two judgments should or may have been rendered in the same court between the same parties, for the same amount and to the same effect, and it is much less possible that the same court would have pending upon its docket two cases at the same time, with the same number, and between the same parties.    The date of the judgment is not so essential or determinate an element of description of the judgment or cause as the number.    The date may be disregarded in this case, inasmuch as all the other elements of the description show that it can be no other than the judgment appealed from.    [Same authority.] We think the appeal bond was sufficient, and the court erred in dismissing the appeal, on the grounds stated in the motion.

December 5, 1891.                Reversed and remanded.