Glassburn *et al. v.* Deer *et al.*

Filed December 20, 1895.

No. 17,527.

GLASSBURN ET AL. *v.* DEER ET AL.

APPEAL.—*From Board of Commissioners.—Highway.—Dismissal of Appeal.—Acceptance of Damages Awarded.—Release.*—The acceptance by a remonstrator of the amount awarded him by the decision of the board of county commissioners as damages from the establishment of a highway, after the dismissal of an appeal from such decision by the circuit court, and after the filing of the transcript upon appeal from the judgment of dismissal in the Supreme Court, is a release of the error of the circuit court in dismissing the appeal.

APPELLATE PROCEDURE.—*Presumption.—Notice.—Answer.*—The Supreme Court will presume the facts stated in an answer in bar of

Glassburn *et al. v.* Deer *et al.*

the appeal to be true, where the appellant was duly notified in writing, service of which he acknowledged, long before the answer was filed, that such answer would be filed, and he failed to put in any denial of such facts in any form of pleading or otherwise.

HIGHWAY.— *Remonstrators.* — *Several Appeals.* — *Separate Transcripts.*—It is not essential to the prosecution by different remonstrators of several appeals to the circuit court, from a decision of the board of county commissioners awarding damages from the establishment of a highway within a single county, that several and separate transcripts of the same record be filed, as under section 6754, R. S. 1894, it is apparent that an appeal in the proceeding is an entirety.

From the Johnson Circuit Court.

*Miller & Barnett*, for appellants.

*Leach & Barker*, for appellees.

McCABE, J.—The appellees petitioned the board of commissioners of Johnson county for the establishment of a certain public highway in said county upon which viewers were appointed who reported in favor of the public utility of the road.

Appellants, Cleveland and Cleveland, filed their joint remonstrance against the public utility of the road. New viewers were appointed thereon who reported in favor of its public utility.

Appellant Glassburn filed a remonstrance for damages, and the Clevelands filed a remonstrance on account of damages to them. Appellant Groseclose filed his remonstrance for damages. Reviewers were appointed by the board to assess damages, who reported assessing damages in favor of appellant Groseclose in the sum of $25.00. No other damages were assessed.

The board approved the report and ordered the high-way opened on the payment of said damages by the petitioners. Appellants Glassburn, Groseclose, and the two Clevelands, appealed to the circuit court. Glass-

burn and Groseclose each filed a separate appeal bond, with the same surety, John Hardin, on each. The two Clevelands filed a joint appeal bond, with the same surety thereon as that on the other bonds, namely, John Hardin.

On the motion of the appellees, the petitioners, the appeal as to Groseclose and Glassburn was dismissed by the circuit court because they did not each of them file in the circuit court a separate transcript of the record and proceedings in the cause before the board of commissioners, but filed only one single transcript. This action of the circuit court is called in question by the assignment of errors here.

The circuit court overruled appellees' motion to dismiss the appeal as to the two Clevelands, that motion being urged in that court on the same ground that the motion to dismiss as to Glassburn and Groseclose was urged. But the court for some cause not disclosed by the record appropriated the transcript to the benefit of the Clevelands and retained their appeal thereon in court. Counsel inform us in their brief that it was done because the Clevelands were tenants in common in the lands owned by them and affected by the road.

It is contended by the appellants that any one or more of the parties to a proceeding to establish a highway may appeal from the final action of the board of commissioners thereon, and in case more than one appeal it may and must be tried as one appeal, and hence only one transcript is necessary.

The appellees, on the other hand, contend that if more than one appeal and file separate appeal bonds, and seek to retry questions affecting the separate interests of each, as for instance a remonstrance for damages to the separate real estate of each, the appeals must be separate and can only be prosecuted by filing a separate transcript

Glassburn *et al. v.* Deer *et al.*

by each one in the circuit court. In support of this contention appellees cite *Leffel* v. *Obenchain*, 90 Ind 50. The question there arose on a motion to dismiss the appeal in the circuit court for failure to file an appeal bond. In the commissioners' court after a report of viewers in favor of the public utility of the road, nine land owners affected filed separate remonstrances denying the public utility of the road and asking for damages in case of its establishment. Reviewers thereupon appointed reported in favor of its public utility and assessed damages in favor of each remonstrator. Each then appealed to the circuit court, filing his appeal bond with one of the other remonstrators as his surety thereon. Separate transcripts were filed and separate cases docketed in the circuit court. These were ordered consolidated, after which the petitioners moved to dismiss the appeal on the ground that an appeal bond had not been executed with surety as required by statute. This motion was overruled, the cause tried, the road adjudged of public utility and a larger amount of damages assessed to each remonstrator. It was there said : ''Proceedings to establish a highway, when several remonstrators * * for the damages sustained by each of them, constitute a single suit for some purposes; while for others they constitute separate suits. An issue formed by A as to his damages affects him and the petitioners alone. * * * For these reasons, we think each remonstrator could appeal from his allowance, and that his bond was not bad simply because signed by some other remonstrator as surety.'' This is very far from holding that separate transcripts must be filed by each appealing remonstrator. The consolidation of the several appeals brought on separate transcripts in that case is a tacit recognition of the right of such several appealing parties

to the circuit court to prosecute their appeals on one transcript.

In *Reynolds* v. *Shults,* 106 Ind. 291, at page 294, it was said : ''In *Schmied* v. *Keeney,* 72 Ind. 309, it was held, as we have uniformly held, both before and since, that upon an appeal from an order of the county board, in a proceeding for the location of a public highway, to the circuit court of the county, the cause must be tried *de novo* ; that is, all questions in issue before the county board, on such appeal, must be tried anew in the circuit court.    The court there said : 'Where a remonstrance is filed by the owner of lands * * either against the public utility of the proposed highway, or on account of damages he will sustain by the * * establishment of such highway, such remonstrance constitutes an answer to the petition, and tenders an issue which must be examined by the commissioners, and must be tried on appeal to the circuit court.   Where such land-owner remonstrates against the public utility of the road, and also on account of the damages, two issues are presented which must be tried in the circuit court on appeal from proceedings to establish the highway.' ''    To the same effect are *Coyner* v. *Boyd,* 55 Ind. 166 ; *Scraper* v. *Pipes,* 59 Ind. 158 ; *Bowers* v. *Snyder,* 66 Ind. 340 ; *Grimwood* v. *Macke,* 79 Ind. 100 ; *Fleming* v. *Hight,* 95 Ind. 78 ; *Washington Ice Co.* v. *Lay,* 103 Ind. 48.

According to appellees' contention, if there were 100 dissatisfied remonstrators and they appeal from the order of the board, there must be 100 separate transcripts of the same record filed in the circuit court, or no appeal can be prosecuted if they have filed remonstrances for damages only.    That would make 100 cases to be tried in the circuit court on appeal from the board of commissioners in a highway case that was tried before the board as a single case.

The appeal authorized by the statute in such cases (Burns R. S. 1894, section 6754; R. S. 1881, section 5027), it has been correctly held, can only be prosecuted from the final order or judgment of the board putting an end to and making a final disposition of the cause. *Freshour* v. *Logansport, etc., Turnp. Co.*, 104 Ind. 463; *Smith* v. *Scearce*, 34 Ind. 285.

And it has been decided by this court again and again that on appeal in such cases not only that the case must be tried *de novo* but that the whole case must be tried *de novo*. *Bowers* v. *Snyder*, 66 Ind. 340; *Scraper* v. *Pipes, supra*, and authorities cited; *Hays* v. *Parrish*, 52 Ind. 132. What is meant then by the whole case? Plainly it must be such case as was made by the issues presented before the board of commissioners. *Reynolds* v. *Shults, supra; Schmied* v. *Keeney, supra*. In *Green* v. *Elliott*, 86 Ind. 53, at page 66, this court said: "The same proceedings cannot be had in the circuit court as before the county board. In the circuit court the matter to be tried *de novo* is the matter which was in controversy before the county board, unless the issues be amended in the circuit court. * * The petitioners are not required to prove in the circuit court, matters upon which no issue was made below, or matters, the regularity of which was either expressly or impliedly admitted below."

In *Jamieson* v. *Board, etc.*, 56 Ind. 466, Metsker remonstrated before the county board, on the ground that the proposed highway would be of no public benefit, the reviewers thereupon appointed by the board reported that it would be of public utility. Metsker thereupon remonstrated on account of damages resulting to him from the opening of said highway. Reviewers thereupon appointed reported that he would sustain no damages, which report was approved and the highway estab-

lished by the board. Metsker took two separate appeals, one from the order of the board denying his claim for damages and the other from the order declaring the proposed road of public utility. In the circuit court there was a verdict and judgment that the road was of public utility and that it be established and that Metsker would be damaged to the amount of $150.00. The circuit court, before trying the appeals, consolidated them into one cause, and after judgment on motion taxed half the costs against Metsker. It was there said, at page 473: "On this state of facts, it seems to us that it would have been unjust and inequitable to have taxed the entire costs of the consolidated case against the appellants. The appellee Metsker had very unnecessarily, in our opinion, made two cases out of one, and they had been continued as separate cases, in the court below, for about eighteen months before they were consolidated."

It is true, a remonstrance asking damages by one land-owner tenders a separate issue between such remonstrator and the petitioners, in which other land-owners affected are not interested; but that does not make such remonstrance a separate cause from the petition and the highway proceeding. The only issues triable in the circuit court on appeal are those formed by the petition and remonstrance. *Schmied* v. *Keeney, supra; Green* v. *Elliott, supra.* These issues all pertain and belong to one entire cause, and that is the establishment of the entire proposed highway, with all the incidents thereto belonging as provided in the statute.

It cannot be cut up and divided into a multiplicity of causes after it leaves the commissioners' court by appeal to the circuit court.

It is but one cause in the commissioners' court, though there may be several issues in which all the parties are

not interested, yet these are mere incidents to that one cause; and that cause does not change its nature by a transfer into the circuit court on appeal. It still remains a unit there.

This is evident from several other provisions of the statute on the subject. The first fourteen sections of the original act, carried forward into the several revisions of our statutes, provide for the establishment of highways running into more than one county. R. S. 1894, sections 6726 to 6739, inclusive (R. S. 1881, sections 5001–5014). The manner of proceeding is very much like that provided in the succeeding sections, as to the establishment of highways running into but one county only. But it is provided that copies of the petition shall be filed with the auditor of each of the other counties through which the proposed road is to pass; and provision is also made for filing of remonstrances by land-owners affected in each county with the auditor of the respective counties. It requires the concurrence of a majority of the county boards to establish the road, vacation or change.

No provision is made in those sections for an appeal in any case, but among the sections relating to such proceedings in a single county is section 6754, R. S. 1894 (R. S. 1881, section 5027), the first part of which provides for an appeal in case of proceedings to establish a highway in one county only, and the latter part of the section provides that "In case proceedings shall be had in more than one county, the auditors of each county, on being notified of such appeal by the auditor of the county in which the appeal is taken, shall transmit to the clerk of the court to which the appeal is taken, all the proceedings in such county, and upon the determination of such appeal, such clerk shall notify the auditors of all the counties interested thereof."

Under this provision there may have been several remonstrators in the other counties, some of whom had damages assessed to them, and others in whose favor no damages were assessed, none of whom have taken any appeal. And yet the appeal taken in the other county brings to the circuit court of that county all the proceedings in each county, though there is no appeal taken in any county but the one.

So strongly did the Legislature deem the appeal provided for in such cases an entirety, or but a single appeal in each highway case, that they provided that when an appeal is taken in one county, it carries with it all the proceedings in each county, whether there is any appeal in such other counties or not, where the proposed road extends into more than one county. In such a case it takes all the proceedings in each county to be sent to the court of the county where an appeal has been taken to constitute one appeal, though there is no appeal in any other county.

It certainly, therefore, cannot be maintained that the Legislature meant to require several and separate transcripts of the same record to be filed in order that several appealing parties may prosecute an appeal from the final order of the board establishing a highway running into a single county.

*Rich* v. *Starbuck,* 45 Ind. 310, cited by the appellee, has no application, because in that case one appeal was attempted to be prosecuted from two separate judgments in the common pleas court to this court, the party attempting to appeal being plaintiff in one case and defendant in the other. He embraced both records in one transcript under one certificate, and his appeal was rightly dismissed by this court for those reasons.

Section 197, Elliott App. Proced., also cited by appellee, asserts nothing more than the same principle.

The appellee has filed an answer in bar of the assignment of errors, or in bar of the appeal as to the appellant Groseclose.   The answer states that the amount of damages assessed in favor of Groseclose being $25.00, was paid by the petitioners into the county treasury for his use, and was paid to and accepted by him on the 6th day of March, 1895, the treasurer taking his receipt therefor.   This answer is verified.   The final order of the board establishing the road was made on December 12, 1893, and on the 4th day of September, 1894, the circuit court entered the final judgment of dismissal of the appeal as to Groseclose and Glassburn.

So that when the appeal as to these appellants was dismissed, the damages had not yet been paid, neither had such payment been made when the transcript was filed in this court and the appeal taken, if we take for granted the facts stated in the answer in bar of the appeal.   It is contended by the appellees that it is established law, that a party cannot accept the benefits of a judgment, and at the same time maintain and prosecute an appeal therefrom, to reverse it, or in any way question the judgment, and cite *Clark* v. *Wright*, 67 Ind. 224; *Sterne* v. *Vert*, 108 Ind. 232 ; same parties, 111 Ind. 408 ; *McCracken* v. *Cabel*, 120 Ind. 266 ; *Newman* v. *Kiser*, 128 Ind. 258.   Many other cases assert the same doctrine, and it seems to be a well-established rule everywhere. 2 Ency. Pl. and Prac. 174–175, and authorities there cited.

It is to be observed, however, that the judgment appealed from in the appeal of Groseclose to this court is not the judgment, the payment of which he is charged in the answer with accepting.   The judgment from which he has appealed to this court is the judgment of the circuit court dismissing his appeal from the commissioners' court.   It is the judgment in the commis-

sioners' court from which that appeal was taken, whereof the answer charges him with accepting the payment.

It is further to be observed that there is no reply denying the answer, nor proof thereof except the verification thereof. Said appellant Groseclose, by accepting the payment of the amount of damages awarded him in the commissioners' court, has waived his right to further contest the amount of damages he has sustained, or the public utility of the road, and, therefore, is not in a condition to complain of the dismissal of his appeal by the circuit court, and, therefore, it amounts to a release of the error in the circuit court in dismissing his appeal.

He was duly notified in writing long before the answer in bar of the appeal was filed, the service of which attached to the answer he acknowledged, informing him that such answer would be filed. He has not seen fit to put in any denial of the facts therein stated, in any form of pleading, or otherwise. Therefore, under the established rules of practice in this court, we are authorized to presume that the facts stated in the answer are true. *Buntin* v. *Hooper,* 59 Ind. 589; *Day* v. *School City of Huntington,* 78 Ind. 280; Elliott App. Proced., sections 408, 409, 410, and authorities there cited.

Having waived the error of the circuit court in dismissing his appeal, the judgment of that court as to Groseclose is affirmed; and as to Glassburn, the judgment is reversed, with instructions to overrule the motion to dismiss his appeal, and for further proceedings in accordance with this opinion.

Filed September 25, 1895; petition for rehearing overruled December 19, 1895.