McGrew v. Grayston et al.

contract or to set aside a contract.  There is no available error in the record.

Judgment affirmed.

Filed November 8, 1895; petition for rehearing overruled February 12, 1896.

No. 17,598.

McGREW v. GRAYSTON ET AL.

APPEAL.—*Partition.*—*Estoppel.*—A defendant in partition, who has sold the premises allotted to him under the judgment, is estopped from maintaining an appeal from such judgment.

From the Huntington Circuit Court.

*J. B. Kenner* and *U. S. Lesh,* for appellant.

*H. B. Sayler, S. M. Sayler* and *J. M. Sayler,* for appellees.

McCABE, J.—The appellee, Mary C. Grayston, sued the appellant for partition.  The court overruled a demurrer to the complaint for want of sufficient facts. The defendant answered by a general denial and affirmative answers, to which the plaintiff replied by a general denial and several affirmative replies. A trial of the issues by the court resulted in a special finding of the facts at the request of the defendant, upon which the court stated certain conclusions of law favorable to the plaintiff, and upon which the court rendered judgment of partition in accordance with the prayer of the petition, over appellant's motion for a new trial.  There was no ex-

ception to the conclusions of law. No error is assigned thereon.

The errors assigned are on the action of the court in overruling the demurrer to the complaint and overruling the appellant's demurrer to the second, third and fifth paragraphs of appellee's reply.

We are met by a verified answer in bar of the appeal by the appellees. After the report of the commissioners in partition had been confirmed, and the judgment rendered and before the motion for a new trial had been passed on, it was made to appear that the plaintiff, Mary C. Grayston, had sold and conveyed the portion of the real estate set off to her to Daniel Kitch. The court thereupon sustained a motion to substitute said Kitch as plaintiff.

He filed a plea in bar of the motion for a new trial, which plea, on motion, was struck out.

The answer in bar of the appeal states that after the rendition of the judgment of partition, on October 24, 1894, the commissioners to make partition were selected by agreement of the parties and appointed by the court accordingly; that appellant filed exceptions to their report, which were tried by the court, overruled and judgment of partition rendered. After said final judgment, to-wit: on December 15, 1894, the appellant sold the lands set off to him to Jacob Boos for the sum of $10,000, and he conveyed the same to said Boos by warranty deed, and put him in possession thereof. On December 17, 1894, said Kitch, well knowing all the facts herein alleged and relying on them as having been done in good faith, purchased of the appellee, Grayston, the lands, set off to her for the full value thereof, to-wit: $5,400.00, and said Mary C. Grayston, her husband joining, conveyed her said portion of said lands so set off to her to said

Kitch; that she had for years before the rendition of said judgment, claimed to own the undivided one-third of the real estate described in the complaint, which claim was open and notorious.

Wherefore appellees say that the appellant ought not to prosecute an appeal of said cause or in.any way call in question the title and ownership of the land so acquired by the substituted appellee, Daniel Kitch.

The only fact alleged in this answer in bar of the appeal which has any resemblance to matter in bar of an appeal is that relating to the sale by the appellant of the portion of the lands set off to him after the judgment confirming the partition.

The right of appeal, though conferred by statute, may be forfeited and waived in many ways. It is an established principle of law that a party cannot prosecute an appeal and thereby seek to reverse a judgment, the benefits of which he has accepted voluntarily and knowing the facts. After such acceptance, he is estopped to reverse the judgment on error, and the same may be treated as a release of errors. *Newman* v. *Kiser*, 128 Ind. 258; *Sterne* v. *Vert*, 108 Ind. 232; *Baltimore, etc., R. R. Co.* v. *Johnson*, 84 Ind. 420; *Patterson* v. *Rowley*, 65 Ind. 108; *State, ex rel.,* v. *Kamp*, 111 Ind. 56; *McCracken* v. *Cabel*, 120 Ind. 266; *Sterne* v. *Vert*, 111 Ind. 408; *Clark* v. *Wright*, 67 Ind. 224; 2 Ency. of Pl. and Pr. 174–175, and authorities there cited; *Glassburn* v. *Deer*, 143 Ind. 174.

This rule is founded on the principle that a party in a court of justice will not be allowed to acquire advantages by assuming inconsistent positions.

The case of *Sterne* v. *Vert*, 108 Ind. 232, *supra*, was something like the present case. There it was sought to foreclose a mortgage on three separate tracts of land. The defendants resisted the foreclosure as to

one tract only. Such resistance resulted in the defeat of the foreclosure as to that tract, but there was a decree of foreclosure as to the other two tracts. From that decree the plaintiff in that case appealed to this court. The appellees thereupon filed in this court a verified special answer in bar of the errors assigned, alleging therein that after the judgment and decree were rendered in the trial court, the appellant caused a copy of the decree and order of sale to be issued out of the office of the clerk of the circuit court, and placed them in the hands of the sheriff, who proceeded to advertise and sell the two tracts of land embraced in the decree. It was averred that at such sale the appellant became the purchaser of both tracts of land so sold, for the sum of $1,050.00, the proceeds of which, it is charged, she received before prosecuting this appeal. It was there said, at page 234, by Mitchell, J., speaking for the court, that: "A party cannot accept the benefit of an adjudication and yet allege it to be erroneous. It does not alter the case that there was no controversy respecting the several tracts, upon which the decree was given in appellant's favor. The appeal was, and must of necessity have been from the whole decree as given. Having availed herself of so much of the decree as was favorable to her, both the statute (section 632) and the common law affirm that an appeal is thereafter denied to the appellant. Any other rule might result in bringing about embarrassing complications, and manifest injustice to the appellees, in case a reversal of the decree should result. * * * If she may now hold on to what she has thus acquired, and yet reverse the judgment so far as it is unfavorable to her, the appellees will not be in the same situation they would have occupied in case the reversal had been secured before the sale of the other tracts. When the decree ap-

McGrew *v.* Grayston *et al.*

pealed from was rendered, the appellant had the election either to appeal or adopt the decree as it was, and avail herself of its benefits. Having decisively elected to pursue the latter course, she must now be confined exclusively to the course first adopted. Every consideration leads to the conclusion that the appeal cannot now be maintained."

The foregoing language is very applicable to the present case. It is true, here the undivided two-thirds of the lands, as alleged in the complaint, belonged to the defendant and was not in controversy in the suit. But according to the plaintiff's contention, she owned, as she alleged in her complaint, the undivided one-third of said lands. That claim extended to and permeated every inch of that portion of the lands that was set off to the defendant by metes and bounds in the decree and continued to hamper and cloud his title to all of it until the plaintiff's claim was extinguished as to that part by the decree setting off to her another portion. That enabled him to sell the tract then set off to him free from her claim. In so selling it, he secured the whole of the purchase-price, $10,000, free from any claim in the plaintiff to share therein. It cannot be said that he did not, in so doing, accept the benefits of the decree or that it did not benefit him. It may be that he was entitled to all the land, freed from the appellee's claim. That, however, could only be established by a decree to that effect after a trial of the issues. Until such decree, her claim was a cloud on his title to every inch of the land. The decree removed that cloud as to that part set off to him by metes and bounds, and he accepted the benefits of such removal by selling the same for $10,000, freed from her claim. He is, therefore, brought within the principle of one accepting the

benefits of a judgment or decree and thereafter seeking to reverse the same for alleged error in the proceedings. This he cannot do.

This answer in bar of the appeal was filed on the same day the transcript was filed in the office of the clerk of this court, April 19, 1895. On August 28, 1895, the appellant's attorneys endorsed on the transcript immediately following said answer, a waiver of notice of the filing of such answer. Thus they show that they have had notice of its contents nearly three months, and yet they have not denied its truth, or in any manner questioned its legal sufficiency. There-fore, under the established rules of practice in this court, we are authorized to presume that the facts stated in the answer to the assignment of errors are true. *Glassburn* v. *Deer, supra; Eckert* v. *Binkley,* 134 Ind. 614.

The appellant having waived the errors alleged, if any were committed in the proceedings leading up to the judgment, by accepting the benefits thereof, his appeal therefrom is dismissed.

Filed November 21, 1895; petition for rehearing overruled February 12, 1896.