JEROME B. HANDY v. THE BURRTON LAND AND TOWN COMPANY *et al.*

No. 10668.

SUPERSEDEAS BOND—*misrecital in, of judgment date will not defeat action on, where identity clearly shown.* A misrecital of the date of the rendition of a judgment, made in a supersedeas bond given to stay execution of the judgment, will not defeat an action upon the bond, when the identity of the judgment rendered as the one intended to be stayed is clearly shown by other recitals in the bond and by extrinsic evidence.

Error from Ellsworth District Court. W. G. Eastland, Judge. Opinion filed May 7, 1898. *Reversed.*

*Ira E. Lloyd,* for plaintiff in error.

*J. W. Rose* and *John W. Roberts,* for defendants in error.

DOSTER, C. J. At the January term of the District Court of Ellsworth County, for the year 1890, the plaintiff in error, Jerome B. Handy, recovered a

judgment for money, and for the foreclosure of a real-estate mortgage, against the defendant in error, The Burrton Land and Town Company. In the same action and at the same term, The Ellsworth Loan and Investment Company recovered upon its answer and cross-petition a like judgment against the same defendant. The Burrton Land and Town Company instituted proceedings in error to reverse these judgments, and, as allowed by the statute, gave a supersedeas bond for stay of execution, signed by itself and the other defendants in error in this proceeding. The condition of this bond was, that, in case the judgments were not reversed, the sureties would pay such deficiency as remained after the sale of the mortgaged real estate. The judgments were not reversed. The deficiency arising after the sale of the real estate was not paid, and action was thereupon instituted upon the supersedeas bond. This action was tried to the court without a jury, and judgment was rendered in favor of the defendants. The reason for the rendition of this judgment was the misrecital of a date in the bond. The effect of this misrecital occasioned a variance between the pleadings and proof. As before stated, the judgments were recovered at the January term, 1890, but the bond incorrectly recited the term as November, 1890. The petition did not pray for a reformation of the bond, and the sole question is, Can the sureties be held, or should they be discharged on account of the misrecital of dates ?

It appeared in testimony at the trial that at the time of the execution of the bond the sureties were stockholders in the Burrton Land and Town Company. The sureties all testified that they remembered the circumstance of the recovery of the judgments against the Company ; that they remembered the signing of the bond sued upon ; that it was the only one signed

by them in the action in question, and that it was signed by them to stay further proceedings in the case. The testimony further showed that, other than the one in question, no case entitled Jerome B. Handy v. The Burrton Land and Town Company had ever been brought or tried in the District Court of Ellsworth County. In short, the identity of the bond sued upon as the one intended to be given by the sureties for the purpose of staying execution upon the judgments mentioned, was conclusively established. Under such circumstances, can the misrecital in the bond of the date of the judgments intended to be stayed by it avail the sureties as a defense? We are clearly of the opinion that it cannot. The bond correctly recited the amount of the judgments, together with the title of the case, the court in which rendered, and the institution of the proceedings in error ; and when supplemented by the above-mentioned extrinsic evidence establishing the identity of the bond, it becomes manifest that the misrecital of dates was a mere clerical error, of which the obligors on the bond were themselves aware and which has in no wise prejudiced their substantial rights. Section 133 of the Civil Code declares :

"No variance between the allegations in a pleading and the proof is to be deemed material unless it have actually misled the adverse party to his prejudice, in maintaining his action or defense upon the merits."

And section 140 declares :

"The court in every stage of action must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party ; and no judgment shall be reversed or affected by reason of such error or defect."

The spirit of these two provisions will not permit the non-suit of the plaintiff below because of the mistaken recital of dates in the bond sued upon.

The authorities, while few in number, support the view we have taken. In *Thalheimer v. Crow* (13 Col. 397, 26 Pac. 779), it appeared that the name of Wilson as a party to a bond had been written Nelson. The court held it a clerical mistake which in no way misled the defendants or operated to prejudice their defense. In *Lux v. McLeod* (19 Col. 465, 36 Pac. 246), which was an action upon an appeal bond, the court held that an allegation of the recovery of a judgment by J, which in fact was recovered by C for the use of J, was an immaterial variance.

The writer, speaking for himself, is of the opinion that the question is resolvable upon general considerations applicable to the nature and effect of recitals in written instruments. Recitals are of two kinds — particular and general; or, as applied to cases like the one in hand, contractual and non-contractual. The former constitute parts of the obligatory portion of the instrument. The facts recited are the moving causes for the making of the contract. They constitute the consideration for its execution. Non-contractual recitals, however, are made for the purposes of explanation — made to set the acts of the parties in the light of those incidents which are convenient to an understanding of the instrument, but which do not constitute the justification for making it. 2 Wharton's Evidence, §§ 1039, 1040, 1083; 1 Greenleaf on Evidence, § 285. In this case, the recitals in the bond sued upon, of the recovery of the judgments, were contractual, or dispositive. The obligors could not be heard to dispute them. The date of the recovery of the judgments was a mere incident. That they were recovered upon a particular date and upon no other, was not the moving cause of the execution of the bond. A recital of the date might have been omitted, and the terms of the instrument would have been quite as

intelligible to the understanding and fully as binding in point of law.

Again it will be observed that the bond is unilateral in its execution. It is the obligation of the signers, and of no one else. The obligee is entitled to sue upon it, but he had no part in drafting it; he proposed none of its recitals; the mistakes it contains are not his mistakes, but are those of his adversary; he approved none of its terms; however unwilling he may have been to the delay in the enforcement of his judgments, which followed the execution of the bond by the signors and its approval by the clerk, he was compelled to submit. The writer feels clear that in such case the misrecital of dates in the bond cannot in law operate to the prejudice of the obligee, the plaintiff in error. "In order that a recital may bind all parties to an instrument it must be intended to be a statement of facts which all admit to be true. Where it is intended to be the statement of one party, that party only is bound." 20 Am. & Eng. Encyc. Law, 463.

The judgment of the court below is reversed for further proceedings in accordance with this opinion.