THE STATE OF KANSAS v. CHRIST STEGMAN.

No. 11,945. (68 Pac. 746.)

1. BOND—*Prosecuting Witness—Held Valid.* When costs are adjudged against a prosecuting witness, the statute provides that he shall be committed until the costs are paid, unless he executes a bond in double the amount of the costs that he will pay the same within thirty days. A complainant against whom costs were adjudged tendered a bond for the actual amount of costs due, which was accepted. *Held*, that the fact that the bond was not executed for double the amount of the costs does not invalidate it; nor will the indefiniteness of the recital as to the date of the judgment, which is otherwise sufficiently identified, destroy its validity.

2. FORGERY—*Sufficient Information.* An information alleging that the defendant, with intent to defraud, forged a bond·purporting to be the act of another, whose name was signed thereto, is sufficient to show that the forger intended to defraud the person whose name was feloniously signed to the bond. ( *The State v. Lee*, 32 Kan. 360, 4 Pac. 653.)

3. ———— *Proof of Handwriting by Comparison.* A writing clearly proved to be genuine, and about which there is no dispute in the evidence, may be used as a basis for comparison of handwritings and to show that a certain other writing with which it is compared is not genuine.

Appeal from Ellis district court; · LEE MONROE, judge. Opinion filed February 9, 1901. *In banc.* Affirmed.

STATEMENT.

Christ Stegman was prosecuted for forgery upon the following information :

" I, James T. Nolan, county attorney of the aforesaid county and state, in the name, by the authority and on behalf of the state of Kansas, come now here and give the court to understand and be informed that on the 13th day of March, 1900, at the county of Ellis and state of Kansas, one Christ Stegman, a person then and there being, with the intent then and there to defraud, feloniously and unlawfully did then and there falsely make, forge and counterfeit a certain instrument in writing for the payment of money, to wit, the sum of $33.30, the same purporting to be the act of another person, to wit, of one George Konrade, which said false, forged and counterfeited instrument of writing is of the purport, value and effect as in the following copy thereof, to wit :

" 'HAYS CITY, KAN., March 12, 1900.

· " 'Know all men by these presents, that, whereas, Christ Stegman was the prosecuting witness in an action before Eli Fox, a justice of the peace of Big ·Creek township, Ellis county, Kansas, wherein the state of Kansas was plaintiff and John Degenhardt was defendant, and upon the trial thereof said defendant was acquitted and discharged ; and, whereas, the jury that tried the case stated in their verdict and finding that the complaint was made by said Christ Stegman, prosecuting witness, without probable cause, upon which the court taxed the costs to said Christ Stegman and entered judgment against him for said costs, amounting to $66.30, upon which the defendant paid $33 :

" 'Now, therefore, we, the undersigned, are held and firmly bound to the state of Kansas, that the said prosecuting witness will pay the balance due upon

said costs judged ( $33.30) within thirty days from and after March 7, 1900.

"'Witness our hands, this 12th day of March, 1900.

CHRIST STEGMAN.

GEORGE KONRADE.'

"By which said false, forged and counterfeited instrument of writing a pecuniary demand and obligation was then and there purported to be created, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Kansas."

The information was attacked by a motion to quash because it did not state facts sufficient to constitute a public offense, and because the instrument alleged to have been forged was not the subject of forgery ; and further, that the instrument was absolutely void and created no legal obligation against any one. The motion was overruled, and upon a trial the defendant was convicted. He complains of the rulings on the sufficiency of the information, and also of the admission of testimony and of the instructions given to the jury.

*A. A. Godard,* attorney-general, *James T. Nolan,* county attorney, and *A. D. Gilkeson,* for The State.

*Saum & Bryant,* for appellant.

The opinion of the court was delivered by

JOHNSTON, J.: The appellant was a prosecuting witness in a criminal proceeding in which the defendant was acquitted, and the jury which tried the case found that the prosecution was instituted without probable cause. The costs in that case, amounting to $66.30, were adjudged against the appellant, of which he paid $33, and he was required to enter into a bond · for the payment of the balance or stand committed

The State v. Stegman.

until the costs were paid.  To meet this requirement a bond was executed which purported to have been signed by George Konrade, but which is alleged to have been forged, and upon the filing of the same the appellant was released from custody.  He attacks the sufficiency of the information because the instrument alleged to have been forged is not in the statutory form and is not valid for the purposes for which it was intended.  The statute provides that when costs have been adjudged against prosecuting witnesses in cases like this one the justice "shall commit such complainant to jail until such costs be paid, unless he shall execute a bond to the state in double the amount thereof, with security satisfactory to the justice, that he will pay such judgment within thirty days after the date of its rendition."  (Gen. Stat. 1899, § 5631; Gen. Stat. 1897, ch. 104, § 22.)

The bond in question sufficiently describes the proceeding in which the costs were adjudged, and recites the payment of thirty-three dollars of the amount. The bond executed is for the exact amount of the unpaid costs and not in double the amount of the costs, as the statute prescribes.  Because of this departure from the statutory requirement it is argued that the

1. Bond held valid.  bond is invalid and forgery cannot be predicated on it.  While the justice of the peace should have required a bond in double the amount of the unpaid costs, the fact that it was for a less amount is not a matter of which those signing it may complain, nor will it invalidate the instrument. If conditions other than those prescribed by statute were written in the bond, which made it more burdensome or imposed greater obligations on the signers than the statute prescribes, there would be good cause to complain.  As the variance from the statutory re-

quirement lessens the liability of the signers, there is no room for the claim that the conditions imposed are more burdensome or that the instrument is thereby invalidated.

It is also contended that it is defective in not giving the date when the costs were adjudged. The bond was dated March 12, 1900, and the costs were required to be paid within thirty days from and after March 7, 1900. Inferentially, then, the judgment was rendered on March 7, 1900, as the statute requires that the complainant pay the judgment within thirty days after the date of its rendition. The recitals in the bond sufficiently show the identity of the judgment rendered, and the mere absence of a specific recital of the date of the rendition of the judgment will not invalidate the instrument, where the date inferentially appears and where the identity of the judgment is otherwise sufficiently shown. (*Johnson v. Weatherwax*, 9 Kan. 75; *Tillson v. The State*, 29 id. 452; *Handy v. Land Co.*, 59 id. 395, 53 Pac. 67.)

The contention that the information is fatally defective because it does not definitely specify the person intended to be defrauded cannot be sustained. It alleges in substance that Stegman, with intent to defraud, forged the bond, which is set out in full, and 2. Information held sufficient. which purports to be the act of George Konrade, whose name was signed to the bond; and that is followed by the averment that by the forged instrument a pecuniary demand and obligation were purported to be created. These averments point with sufficient certainty to Konrade as at least one of the persons intended to be defrauded. The instrument purports to create an obligation against him, and, as his name was feloniously forged to the instrument, the law implies that the forger intended to de-

fraud him. And the same might be said as to the state and the persons to whom the costs were due. (*The State v. Foster*, 30 Kan. 365, 2 Pac. 628; *The State v. Lee*, 32 id. 360, 4 Pac. 653.) The case last cited is directly in point, and the information which was there upheld appears to have been used as a pattern for the information in the present case.

Complaint is made of the admission of a bond signed by Konrade which was used as a basis for comparison with the signature alleged to have been forged. The rule is that writings which are used as a basis for comparison of handwritings must either be admitted to be genuine by the parties seeking to use them or at least clearly proved to be genuine. In the present case the writing introduced by way of comparison was not admitted to be correct, but Konrade testified that he signed the instrument, and there was no dispute or denial of his testimony. Under the circumstances the court was warranted in accepting the writing as genuine, and in admitting it as evidence, to be used as a standard of comparison. (*The State v. Zimmerman*, 47 Kan. 242, 27 Pac. 99; *Gaunt v. Harkness*, 53 id. 405, 36 Pac. 739.)

3. Proof of hand-writing by comparison.

There is no merit in the objections made to the rulings on the instructions, and, as the case appears to have been fairly submitted to the jury upon sufficient evidence, the verdict and judgment must be upheld.