WESTERN UNION TELEGRAPH COMPANY *v.* THROOP.

[No. 10,772. Filed February 17, 1921.]

1. APPEAL.—*Term-Time.—Bond.—Requisites.—Incorrect Date of Judgment.—Statute.*—As §679 Burns' Supp. 1918, Acts 1917 p. 71, relating to term-time appeals, does not require that a bond for a term-time appeal shall contain the date of the judgment appealed from, the fact that an appeal bond for a

Western Union Tel. Co. *v.* Throop—75 Ind. App. 68.

term-time appeal recites the date of the judgment one day later than the date thereof as shown by the record is not of itself sufficient to invalidate the bond.  pp. 72, 73.

2. APPEAL.—*Term-time.—Bond.—Requisites.—Incorrect Date of Judgment.—Effect.—Statute.*—While the statement in a bond, given in a term-time appeal under §679 Burns' Supp. 1918, Acts 1917 p. 71, of the date of the judgment from which the appeal is taken is proper and convenient as a means of identification, it is not an essential requisite, nor will the fact that the date stated in the bond as the date of the judgment is different from the date thereof, as shown by the record, render the bond void or ineffective as an appeal bond, where the judgment may be identified with reasonable certainty from the remaining description thereof in such bond.  p. 72.

3. APPEAL.—*Term-Time.—Recitals in Bond.—Conclusiveness.— Showing Matters in Bar.*—Recitals in a bond given in a term-time appeal under §679 Burns' Supp. 1918, Acts 1917 p. 71, are not conclusive, and it is within the rights of appellee to present, as matter in bar of the appeal, either by motion or plea, such further facts shown by the record, or as might exist extrinsic thereto, but not in contradiction thereof, as would disclose that the bond, although filed as an appeal bond, was not effective as such.  p. 72.

4. APPEAL.—*Motion to Dismiss.—Uncontroverted Affidavits in Opposition.—Presumption.*—Where appellee fails to deny the facts set forth in appellant's affidavits in opposition to appellee's motion to dismiss the appeal because of alleged insufficiency of the appeal bond, the court is authorized to presume that such facts are true.  p. 73.

5. APPEAL.—*Bond.—Defects.—Incorrect Date of Judgment.— Cure.—Statute.*—A defect in an appeal bond consisting of an erroneous recital of the date of the judgment appealed from is such a defect as is cured by §1278 Burns 1914, §1221 R. S. 1881.  p. 74.

6. COMMERCE.—*Interstate Telegram.—Failure to Deliver.— Penalty.—Statutes.—Applicability.*—Where a telegram sent between two points in Indiana was transmitted over the only practical and customary route, which lay partly in another state, such telegram will be considered as interstate commerce, and §§5780, 5781 Burns 1914, Acts 1885 p. 151, as to the recovery of a penalty by the sender of a telegram on the company's failure to deliver, does not apply.  p. 75.

From Marion Superior Court (A1,247); *Vincent G. Clifford,* Judge.

Action by Alma Throop against the Western Union Telegraph Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Pickens, Moores, Davidson & Pickens, Rush Taggart* and *Francis R. Stark*, for appellant.

*White & Jones*, for appellee.

BATMAN, J.—This is an action by appellee against appellant to recover the statutory penalty, provided in §§5780, 5781 Burns 1914, Acts 1885 p. 151. The complaint is in a single paragraph, and is based on an alleged delay in transmitting a telegram from Kendallville, Indiana, to Indianapolis, Indiana. Appellant filed two paragraphs of answer, designated as third and fourth, to each of which appellee filed a demurrer for want of facts, which was sustained. It thereupon elected to stand upon its said third and fourth paragraphs of answer and each of them, refusing to plead further. Following this election and refusal, the court rendered judgment against it for the statutory penalty of $100 and costs. Appellant is now prosecuting this appeal on an assignment of errors based on the action of the court in sustaining appellee's demurrer to each of said paragraphs of answer.

After the transcript in this cause was filed in the Supreme Court, from which it was transferred for want of jurisdiction, appellee entered a special appearance and filed a motion to dismiss this appeal based on the following grounds stated therein: "Appellee recovered a judgment in the Superior Court of Marion County, Indiana, on the 16th day of January, 1919, and appellant prayed a term-time appeal to the Supreme Court of Indiana from the judgment on the 16th day of January, 1919, but filed no bond. No vacation appeal was taken, or any notice served on appellee, or appellee's attorneys, of an intention to take a vacation appeal.

Appellant filed a bond for an appeal from a judgment rendered on the 17th day of January, 1919, and this court therefore has no jurisdiction of the subject-matter of this appeal." By this motion appellee challenges the jurisdiction of this court to hear and determine this appeal, based on the failure of appellant to perfect the same either as a vacation or a term-time appeal. An examination of the record fails to disclose any attempt to perfect a vacation appeal, and therefore, if it has not been perfected as a term-time appeal, this court is without jurisdiction, as alleged, and appellee's motion must be sustained. Appellee bases her contention that appellant has failed to perfect a term-time appeal on a claim that it did not file an appeal bond, as required by §679 Burns 1914, §638 R. S. 1881, as amended in 1917 (Acts 1917 p. 71). The record discloses that the judgment in this cause was rendered on January 16, 1919; that appellant at the time prayed an appeal, which was granted, and appellant was given thirty days in which to file an appeal bond in the sum of $200, with the American Surety Company as surety thereon, which was approved; that on February 5, 1919, the following proceeding was had in said cause: "Comes now the defendant by counsel, and files herein its appeal bond in the sum of two hundred dollars, with the American Surety Company of New York as surety thereon, which bond is approved, and is in the words and figures following." Following this recital is an appeal bond in due form, corresponding in every way with the facts shown by the record in this cause, as to the names of parties, surety, amount of judgment recovered by appellee against appellant, and the court in which recovered. Said bond is dated January 31, 1919, and is indorsed approved February 5, 1919, by the trial judge. It recites, however, that the judgment in said cause was rendered on January 17, 1919.

Appellee, in support of her motion to dismiss the appeal, contends that the above described bond is not effective as an appeal bond in this cause. It bases

1. this contention solely on the ground that the date of the judgment as stated in the bond is one day later than the date thereof as shown by the record. An examination of the section of the statute providing for the filing of an appeal bond as an essential step in the perfection of a term-time appeal discloses that it does not contain any provision requiring that such bond shall contain the date of the judgment from which the appeal is taken. We therefore conclude that, while the statement in an appeal bond of the date of the

2. judgment from which the appeal is taken is proper and convenient as a means of identification, it is not an essential requisite. Nor will the fact that the date stated in the bond as the date of the judgment is different from the date thereof as shown by the record render the same void, or ineffective, as an appeal bond, where the judgment may be identified with reasonable certainty from the remaining description thereof in such bond. 2 Cyc 919; 4 C. J. 1254; 2 R. C. L. 113; *Edwards* v. *Allen* (1891), (Tex. App.) 17 S. W. 1074; *Southern, etc., R. Co.* v. *Stanley* (1890), 76 Tex. 418, 13 S. W. 480; *Warren* v. *Marberry & Son* (1892), 85 Tex. 193, 19 S. W. 994; *Louisville, etc., R. Co.* v. *Lile* (1908), 154 Ala. 556, 45 South. 699; *Swasey* v. *Adair* (1890), 83 Cal. 136, 23 Pac. 284; *Blanchard* v. *Gloyd* (1844), 7 Rob. (La.) 542. The fact that the bond in question was filed as appeal bond in this cause, when taken in connection with the recitals thereof, afford sufficient ground for holding that, *prima facie,* such bond constitutes an appeal bond herein, notwithstanding such difference in dates. However,

3. such fact and recitals are not conclusive, and it is within the rights of appellee to present as mat-

ter in bar of the appeal, either by motion or plea, such
further facts shown by the record or as might exist
extrinsic thereto, but not in contradiction thereof, as
would disclose that such bond, although filed as an ap-
peal bond in this cause, was not effective as such.
*Maiben* v. *Manlove* (1911), 48 Ind. App. 617, 96 N. E.
501; *Glassburn* v. *Deer* (1895), 143 Ind. 174, 41 N. E.
376; *McGrew* v. *Grayston* (1896), 144 Ind. 165, 41 N.
E. 1027; *Terre Haute, etc., Traction Co.* v. *Reeves*
(1915), 58 Ind. App. 326, 108 N. E. 275.  From what
we have said it is apparent that the facts stated
in appellee's motion, unsupported as they are by
any extrinsic facts, are not sufficient to bar this
appeal.  Had appellee properly shown that there was in
fact another judgment between the same parties ren-
dered by the same court, for the same amount, on the
date stated in the bond in question, then there would be
some basis for her contention that the court should
hold such bond ineffective as an appeal bond in this
cause.  Appellee has failed to make any such showing,
and does not even claim that such facts exist.  The most
that can be said is that her motion casts mere suspicion
and her argument suggests mere possibilities, but these
are not sufficient.  It requires the showing of some fact
not disclosed by the record in this case, in order to ren-
der such bond ineffective for the purpose intended.

Under the circumstances shown above, we would be
fully justified in overruling appellee's motion to dismiss
this appeal without further consideration.  How-
ever, we note that appellant has filed two affi-
davits in opposition to said motion, one by its
attorney and the other by the trial judge, by which it
fully appears that at the time said appeal bond was
filed there was no other judgment in said court against
appellant and in favor of appellee or any other person
by that name, and that there was no other suit pending

therein at such time between such parties. Appellee has not denied these facts in any manner, and we are therefore authorized to presume that they are true. *Glassburn* v. *Deer, supra; McGrew* v. *Grayston, supra.* These facts fully meet appellee's contention as to any uncertainty as to the cause in which it was intended said bond should be filed or as to the judgment to which it was intended that it should apply.

Appellee, in her effort to show that the bond in question is ineffective as an appeal bond in this cause, cites the fact that, if she should prevail on this appeal and should find it necessary to bring suit on the bond in question, the surety might establish that the bond was given for an appeal from a judgment as described in the bond and not for an appeal from the judgment described in the record. In view of the facts established by the affidavits filed by appellant in opposition to appellee's motion to dismiss, which are not denied, and must therefore be taken as admitted, appellee's apprehension is groundless. If appellee should be compelled to bring suit on said bond, any defect arising from a misstatement therein as to the date on which the judgment in question was rendered could be cured under the provisions of §1278 Burns 1914, §1221 R. S. 1881. In a suit on such bond, it must be assumed that the court would give effect to the facts which would be patent; that is to say, that the parties executing the same intended to execute an appeal bond to stay a judgment in favor of appellee against appellant, rendered in the Marion Superior Court, for the sum of $100 and costs, and since, under the facts shown, no such judgment existed except the one bearing date of January 16, 1919, the conclusion would be irresistible that such bond was executed as an appeal bond in this cause. In the case of *Handy* v. *Burrton Land, etc., Co.* (1898), 59 Kan. 395, 53 Pac. 67, the court had under considera-

tion the effect of an erroneous recital of the date of two judgments in an appeal bond, and, in holding that the obligee therein could not be prejudiced by such recital, said: "In this case, the recitals in the bond sued upon, of the recovery of the judgments, were contractual, or dispositive. The obligors could not be heard to dispute them. The date of the recovery of the judgments was a mere incident. That they were recovered upon a particular date and upon no other, was not the moving cause of the execution of the bond. A recital of the date might have been omitted, and the terms of the instrument would have been quite as intelligible to the understanding and fully as binding in point of law. Again it will be observed that the bond is unilateral in its execution. It is the obligation of the signers, and of no one else. The obligee is entitled to sue upon it, but he had no part in drafting it; he proposed none of its recitals; the mistakes it contains are not his mistakes, but are those of his adversary; he approved none of its terms; however unwilling he may have been to the delay in the enforcement of his judgments, which followed the execution of the bond by the signors and its approval by the clerk, he was compelled to submit. The writer feels clear that in such case the misrecital of dates in the bond cannot in law operate to the prejudice of the obligee, the plaintiff in error." For the reasons stated we are clearly of the opinion that appellee's contention with reference to said bond is not well taken. Therefore her motion to dismiss said appeal is overruled.

Coming now to the merits of this appeal, we note that each of said paragraphs of answer to which the court sustained a demurrer is based on the following facts, among others, alleged therein:

6. "That it was then and there the custom of the defendant and its usual course, in transmitting

telegraphic dispatches from Kendallville, Indiana, to Indianapolis, Indiana, to transmit the same from Kendallville to Chicago, and thence to Indianapolis; and that said customary and usual method was the most practicable method then and there available to the defendant, and that defendant had no direct line of wires immediately connecting said city of Kendallville with said city of Indianapolis. Defendant further says that the only practicable, available and customary route for transmission of said telegram and other like telegraphic service from Kendallville, Indiana, to Indianapolis, Indiana, at said time was by relaying the same in interstate commerce to and at a point outside of the State of Indiana, and in transmitting the message in question, that point was Chicago, Illinois. Defendant further says that said message in suit as transmitted, as aforesaid, was an interstate commerce message, and a part of the interstate commerce between the states of Illinois and Indiana, and in the particular transaction in reference to the transmission of said message, the defendant was then and there engaged in interstate commerce, with and by the use of lines of wires communicating between the State of Indiana and the State of Illinois." The questions presented by such allegations were determined in favor of appellant, in the recent case of *Western Union Tel. Co.* v. *Bushnell* (1920), 73 Ind. App. 511, 128 N. E. 49. We therefore hold that the presence of these allegations in each of said paragraphs of answer, when taken in connection with the other facts stated therein, renders the same sufficient against demurrer.

The judgment is therefore reversed, with instructions to overrule appellee's demurrer to each the third and fourth paragraphs of appellant's answer, and for further proceedings consistent with this opinion.