Pearson, C. J.
 

 The question is: 1st. Does the 5th section of the ordinance of the Convention of 1866, entitled “An ordinance to change the jurisdiction of the Courts,” &c., which provides that no
 
 scirefacias
 
 shall be thereafter issued to revive a dormant judgment, include within its operation a motion for a writ of
 
 ven. ex.
 
 or an order to the sheriff to sell a tract of land which had been levied on more than a year and a day prior to the motion, but for some reason or other had not been sold ? 2d. If the ordinance does include a motion of the kind, is it not in that respect unconstitutional ?
 

 In
 
 Parker
 
 v.
 
 Shannonhouse, ante,
 
 209, it is held that this section of the ordinance, confining its operation to a
 
 scire facias
 
 to have execution of a judgment by a writ of
 
 fieri facias,
 
 is not unconstitutional, for the reason that the remedy at common law was an action of debt on former judgment; and the statute Ed. I, ch. 45, Rev. Code, ch. 31, sec. 109, gives the creditor an
 
 additional
 
 remedy; so the effect of the ordinance is to repeal the statute in regard to this additional remedy, and to leave the creditor in respect to the remedy as at common law. But if the ordinance be made to include a writ of
 
 ven. ex.,
 
 or order to sell property levied on, the reasoning in
 
 Parker
 
 v.
 
 Shannonhouse,
 
 as to the common law remedy by action of debt, can have no applicatiqn; and the naked question would be presented, Had the Convention power, under the restrictions imposed by the Constitution of the United States, to take from the plaintiff his right in the tract of land levied on, taken
 
 in custodia legis
 
 and set apart for the satisfaction of his judgment, and leave him at large, as he would be if put to his action of debt ? His Honor was of opinion
 
 *281
 
 that the case is not included under the 5th section, and that the plaintiff was entitled to a writ of
 
 ven. ex.
 

 There is no error.
 

 In
 
 Smith
 
 v.
 
 Spencer,
 
 3 Ire., 256, it is held that a purchaser of land under a writ of
 
 ven. ex.,
 
 issued more than a year after the levy without notice to the defendant, was entitled to recover against one who had purchased at a sale made by a trustee for creditors under a deed executed by the debtor after the levy, on the ground that the levy creates a lien, which sets apart the land for the satisfaction of the judgment, and there is nothing to take it out of the custody oí the law before the debt is paid, as against the defendant and all claiming under a conveyance made by him; and a
 
 ven. ex.
 
 may issue at
 
 any distance of time,
 
 unless the levy has heen waived or is overreached by a sale under a junior execution. A distinction is taken between a
 
 fieri facias
 
 and a
 
 venditioni exponas;
 
 and it is decided that the latter is not “ a writ of execution,” within the operation of the statute 13 Edw. 1, ch. 45, and the court uses this strong language: “We can see no reason why the defendant should claim to have the levy discharged, so as to prevent any action on it, unless that action be immediate and continued; he is not injured by its being enforced at any distance of time, and as to him the law may justly preserve the lien, until satisfaction of the debt be had.” This decision was before o.ur statute (Eev. Stat., ch. 31, sec. 114,) went into operation, but the reasoning is applicable to both statutes, and the two must obviously have the same construction in respect to what executions come within their operation.
 

 By the common law, it a
 
 capias ad satisfaciendum,
 
 or
 
 fieri facias,
 
 or
 
 levari facias,
 
 or
 
 elegit
 
 was sued out, on a judgment which had been satisfied, there being no entry of satisfaction on the record, the defendant had no “ day in court,” and was put to his writ of “
 
 audita
 
 querela,” which operated as a
 
 supersedeas
 
 to the execution until the allegation of satisfac
 
 *282
 
 tion was disposed of. A resort to this writ, in order to get a day in court, was inconvenient and expensive. To remedy this evil, 13 Edw. 1, ch. 45, provides that no writ to have execution of a judgment shall issue after a year and a day from the rendition thereof, unless the plaintiff shall give the defendant a day in court by
 
 scire facias.
 
 In the construction of this statute, it became settled law that if a writ of
 
 fieri facias
 
 was issued within a year and a day from the rendition of the judgment, the plaintiff could sue out another writ of
 
 fieri facias
 
 at any distance of time, as at common law, and thus put the defendant to his writ of
 
 audita
 
 querela, in order to get a day in court, to show that the judgment had been satisfied; 2 Inst., 469. The inconvenience growing out of this construction gave rise to our statute, (Rev. Stat. c. 31, s. 114, Rev. Code, c. 31, s. 109,) by which it is provided that “ no execution shall issue upon any judgment after a year and a day from the rendition thereof,” following the act of Edw. 1, but changing the proviso, so as not to allow the clerk to issue an execution in cases where one had been issued Avithin a year and a day, unless it was applied for within a year and a day “ from the issuing of the last execution.” In other words, the issuing of the last execution, instead of the rendition of the judgment, was made the date from which to count the year and a day, after which the plaintiff could not sue out execution without giving the defendant a day in court.
 

 This being the whole scope and effect of our statute, it would seem that if
 
 Smith
 
 v.
 
 Spencer
 
 is well decided, that statute does not include an order to sell property levied on, whether, in the language of Judge Henderson,
 
 (Seawell
 
 v.
 
 Bank of Cape Fear,
 
 3 Dev., 279,) “it be simply called an order of sale, or be dignified with the name of a writ of
 
 venditioni
 
 exponas.”
 

 In respect to personal property, it is certain that neither the statute, 13 Edw. I, nor our statute, includes a writ of
 
 ven.
 
 
 *283
 

 ex.,
 
 and it may be sued out at any distance oí time without notice to the defendant, provided the lien has not been waived; for the levy vests the ownership of the property in the sheriff, and he has power to sell without the writ, the only occasion for it being to compel the sheriff to do his duty, which of course may be done at any distance of time. But in respect to land we incline to the opinion, as the levy does not vest the ownership of the property in the sheriff, and he has no power to sell after the return day of the
 
 fieri
 
 facias, unless a writ of
 
 ven. ex.
 
 be issued, that the case comes within the operation oí our statutes, for the words are broad enough to include it; the mischief is the same, and the remedy is equally fit and appropriate; i. e., by requiring the plaintiff to give the defendant a day in court before he can have an order to sell the land levied on, if he does not apply for it until after the expiration of a year and a day from the issuing oí the original execution.
 

 But, taking this to be so, we think it entirely clear that the 5th section of the ordinance under consideration cannot, by any construction, be made to include either a writ of
 
 ven. ex.,
 
 in respect to personal property, or to land; for the words are not broad enough to include orders of this kind, and are fully satisfied by allowing their operation in cases where it is necessary to have execution of a judgment by a writ of
 
 fieri facias.
 
 The supposed mischief is entirely of a different nature, and the remedy by action oí debt is inapplicable; indeed, it is no remedy at all, for it requires the plaintiff to forego the lien created by the levy, and to take a new judgment, upon which he can only have -the ordinary writ of
 
 fieri facias. ' i '■■■-
 

 It was ui’ged by Mr. Winston that the 8th, 9th and 10th sections of the ordinance, in which the writs of
 
 fieri fácias
 
 and
 
 venditioni exponas
 
 are specially named and'put on .the.same footing, show that by a proper construction" the 5tK section was meant to include writs of
 
 ven. ex.
 
 as well as writs of
 
 *284
 

 fieri facias, “ on
 
 the broad ground of a general intention to put a stop to the collection of debts in every shape and form.” We are unable to see the force of the argument
 

 The conclusion, that a motion for the writ of
 
 ven. ex.
 
 is not within the operation of the 5th section of the ordinance, makes it unnecessary to express an opinion upon the point, whether the Convention had the power to deprive the plaintiff of his lien, or right as against the debtor to have the particular tract of land applied to the satisfaction of his judgment.
 

 We will merely say that a construction involving the exercise of a doubtful power will not be readily adopted in the absence of direct words, when the words used admit of another construction which steers clear of all questions in regard to power.
 

 Per Curiam. Judgment affirmed.