MAGGIE D. BATEMAN v. WESTERN UNION TELEGRAPH COMPANY.

(Filed 26 September, 1917.)

**Commerce—Telegraphs—Routing—Another State — Interstate Commerce— Supreme Court Decisions.**

A message received by a telegraph company engaged in interstate and intrastate business at one point in this State for transmission to and delivery at another point therein and routed in good faith through another State is an interstate message controlled by Congress (Act of 18 June, 1910), and under the decisions of the Supreme Court of the United States, damages for mental anguish alone arising from negligence on the defendant's part may not be recovered. The question of defendant's good faith in the routing in this case was submitted to the jury and decided in favor of the defendant. *Norris v. Tel. Co., ante*, 92.

CIVIL ACTION tried before *Daniels, J.*, at the January Term, 1917, of WASHINGTON.

*Gaylord & Gaylord and J. C. Coggins for plaintiff.*
*Albert T. Benedict and Small, MacLean, Bragaw & Rodman for defendant.*

7—174

BATEMAN *v.* TELEGRAPH CO.

WALKER, J. This action was brought to recover damages for mental anguish alleged to have been caused by the negligence of the defendant in failing to properly transmit and deliver to the plaintiff a telegraphic message filed with the defendant at Durant's Neck, N. C., by her brother, George Simpson, and addressed to her at Plymouth, N. C., in the following words: "Father died last night. Will bury Sunday, 3 p. m." As delivered to her, the message read: "Walter died last night. Will bury Sunday, 3 p. m." The defendant transmitted the message by way of Norfolk, Va., instead of directly to Plymouth, N. C., and the defendant contends, for that reason, that the sending of the message was a transaction in interstate commerce, and therefore the case should be governed by the Federal law, which denies a recovery for mental anguish. *Express Co. v. Byers,* 240 U. S., 612.

The plaintiff, on the contrary, argues that it is not interstate, but intrastate commerce, the initial and terminal points of the transmission being in this State. If the defendant's contention is the right one, and the case must be considered and decided according to the Federal rule, then plaintiff is not entitled to recover, as it would present the same question we decided at the last term against the plaintiff's right of recovery in *Meadows v. Tel. Co.,* 91 S. E., 1009, and *Norris v. Tel. Co.,* at this term. It would be superfluous to restate the reasons upon which the decisions in those cases were based, and we content ourselves with merely referring to them, as this case is, as to the question now being considered, substantially identical with them in respect to its nature, and is precisely like the *Meadows case,* as the alleged negligence there was an error in the message as delivered. The only question left for consideration, therefore, is whether the transaction in this case was interstate commerce. We are of opinion that it was, and especially so if, in sending the message via Norfolk, Va., the defendant did so in good faith, and not for the purpose merely of evading the law. On the face of the transaction, and without any suggestion and finding of a fraudulent purpose to circumvent the law and acquire the protection of the Federal principal and to rid itself of the contrary rule of the State Court, it is an interstate, and not a intrastate, transaction.

The authorities to this effect are very numerous and consistent. *Shelby Ice and Fuel Co. v. Ry. Co.,* 147 N. C., 66. In that case we followed *Hanley v. R. R.,* 187 U. S., 617, which finally determined the question in favor of the view, that although the two points are in the same State, yet if in the transportation by a carrier any part of the route is in another State, it is interstate commerce. The Court said by *Justice Holmes,* quoting and adopting the rule stated by *Justice Fields,* on the circuit, in *P. C. Steamship Co. v. R. R. Comrs.,* 9 Sawyer, 253 (18 Fed. Rep., 10), and also citing *Lord v. Goodall,* 102 U. S., 541: "To bring the transporta-

tion within the control of the State, as part of its domestic commerce, the subject transported must be within the entire voyage under the exclusive jurisdiction of the State." With reference to these words, *Justice Holmes* said: "We are of opinion that the language which we have quoted from *Mr. Justice Fields* is correct." Other cases cited by that Court are *State ex rel R. R. Warehouse Co. v. Chicago, etc., R. R. Co.,* 40 Minn., 263 (3 L. R. A., 238); *Sternberger v. Cape Fear, etc., Ry. Co.,* 29 S. C., 510 (2 L. R. A., 105; 7 S. E. Rep., 836), and *M. P. Protective Asso. v. Delaware, etc., R. R. Co.,* 7 Interstate Com. Rep., 92, 160, 161.

The Court criticized certain cases in conflict with the views expressed in the *Hanley case,* and virtually overruled them, as to this question, for it states that they were based upon a misconception of the real question and the true decision thereon in *L. V. R. R. Co. v. Pennsylvania,* 145 U. S., 192, and adds: "We are of opinion that they carry their conclusions too far." Among those cases is *State ex rel R. R. Comrs. v. W. U. Tel. Co.,* 113 N. C., 213. At any rate, the result in the *Hanley case* was to hold that if any part of the route was in another State than that where the shipment or the message started, it was interstate commerce, and the liability of the carrier or telegraph company must be determined according to the Federal law. This doctrine is supported by a large number of cases, which are cited in defendant's brief. This rule applies to telegraph companies engaged in interstate business, they being instruments of commerce protected by the Federal law. *W. U. Tel. Co. v. James,* 162 U. S., 650; *Same v. Pendleton,* 122 U. S., 347; *Same v. Brown,* 244 U. S., 542.

In *W. U. Tel. Co. v. Bolling* (Va.), S. E., 154, the Court said upon this question: "Inasmuch, however, as under the express provisions of the act to regulate commerce, telegraph and telephone companies are common carriers, these decided cases are conclusive of the question here involved. Since the case of *Hanley v. Kansas City, etc., R. R. Co.,* 187 U. S., 617 (47 L. Ed.), 333, there has been no dissent from the proposition that although the point of shipment and the point of delivery are in the same State, if during the course of transportation the property passes without the boundaries of the State, such a shipment is interstate commerce. . . . Upon principle, we cannot conceive how any different doctrine can be applied to telegraph messages which, in the course of their transmission, pass without the State into any other State or the district of Columbia," citing many cases.

His Honor, Judge Daniels, who presided at the trial, submitted the question of the defendant's good faith in selecting the route via Norfolk, Va., to the jury, as follows: "If the jury believe the evidence, and find therefrom that the message was transmitted in the usual, customary and necessary route from Hertford, N. C., to Norfolk, Va., and relayed

and transmitted from Norfolk, Va., to Plymouth, N. C., then the message would be an interstate message, and as such, interstate commerce, and the liability of the defendant is such only as is fixed and determined by the Federal law applicable thereto; . . . and mental anguish alone in such a case as this is not recognized by the Federal law as an element of damage for which a recovery can be had, . . . therefore, upon such finding, you will answer the third issue 'Nothing.'"

This charge, read in connection with the verdict, or the answer to the third issue, excludes the idea of bad faith on the part of the defendant, and goes further, for it establishes the fact that instead of there being any attempt to evade the law, the route selected by the defendant was "the usual, customary and necessary one."

Our conclusion, therefore, is that there was no error in the trial of the case.

No error.