JOHN  D.  TAYLOR,  Respondent,  v.  WESTERN
UNION  TELEGRAPH  COMPANY,  Appellant.

Kansas City Court of Appeals, June 10, 1918.

1. **TELEGRAPH AND TELEPHONES: Damages: Interstate Commerce.**
The plaintiff sued to recover damages for the delay by the defend-
ant in transmitting a telegram.  There were two routes by which a
telegram could be transmitted from Kansas City to Triplett,
Missouri, one interstate and the other intrastate, but it was neces-
sary to use a relay for both transmissions.  The defendant trans-
mitted the message through the interstate route, and the telegram
was delayed several hours to the plaintiff's damage.  *Held*, that
since the message was transmitted as an interstate message, the
defendant was not subject to the penalty as provided in section
3330, Revised Statutes 1909.

2. ———: ———: ———.  The fact that the origin and destination
of a telegam was in one certain State does not make the message
or telegram an intrastate one when its course or route takes it out
of the State.

Appeal  from  Chariton  Circuit  Court.—*Hon.  Fred
Lamb,* Judge.

REVERSED.

*John Taylor* for respondent.

*Mahan, Smith & Mahan* for appellant.

BLAND J.—This is a suit to recover the penalty
provided by section 3330, Revised Statutes 1909.  The
case was tried by the court without the aid of a jury
and there being a judgment for plaintiff, defendant
has appealed.

Plaintiff, at 6:25 A. M. of August 7, 1917, deliv-
ered to the defendant at its office in Kansas City,
Missouri, a telegram addressed to Roy McKittrick, at
Triplett, Missouri.  The message was not delivered
until 11:42 A. M. of the same day, to plaintiff's injury.

Defendant's evidence tended to show that the usual, ordinary and customary way of routing messages from Kansas City, Missouri, to Triplett, Missouri, was through a relay station at Omaha, Nebraska. A relay station is one to which telegrams are sent as a distributing point to other places. Defendant's evidence shows that the relay station for Triplett was Omaha and a message sent from Kansas City is sent to Omaha and relayed thence to Triplett.

Plaintiff's evidence tended to show that there was a Western Union wire running from Kansas City to Brunswick, Missouri, and one from Brunswick to Triplett; that a message could be sent from Kansas City to Brunswick; that the operator at Brunswick could turn around in his chair and telegraph the message from Brunswick to Triplett, and that a message could also be sent from Kansas City to Chillicothe, Missouri, and from there telegraphed to Triplett. The distance from Kansas City to Brunswick is between ninety and ninety-two miles and from Brunswick to Triplett about seven miles. It is about two hundred miles from Triplett to Omaha and more than two hundred miles from Kansas City to Omaha. While the evidence shows that the route from Kansas City through Omaha to Triplett is longer than the one through Brunswick or Chillicothe to Triplett, the undisputed evidence shows that it does not take any longer to send a message a long distance than it does a short one. The company maintained several wires between Kansas City and Omaha and one wire from Omaha to Triplett.

Defendant urges that the message was interstate commerce and therefore not subject to the regulations of this State. Plaintiff urges that it would have been more convenient for defendant to have sent the message through Brunswick or Chillicothe to Triplett than through Omaha to Triplett, and at any rate that the sending of the message outside of the State was

evidence of an effort to make it interstate commerce and to thus evade the laws of this State.

We have carefully examined the record and we do not find that there was any evidence that it was less convenient or took any greater time to send the message by Omaha than by way of Brunswick or Chillicothe. We do not attempt to say that defendant could avoid the effect of the penalty provided in the statute by purposely sending the message outside of the State in an effort to make it interstate commerce. This case does not present a situation of that kind. The evidence shows that defendant had a choice of two ways of sending the message, one as convenient as the other and requiring as little time as the other and, therefore, as direct as the other. There is nothing in the evidence from which a court or jury could say that defendant was attempting to avoid the statute mentioned. We could not go to the extent of holding that where a company has two routes over which a telegram could be sent, one an intrastate and the other an interstate route, each of equal convenience and requiring the same time, and therefore as direct, it must send the message over the intrastate route and not the interstate route, and that a failure to send it over the former is evidence of an intention to avoid the state statute. Of course, the fact that the origin and destination of the message was in the State of Missouri did not make the message an intrastate one when its course or route took it outside of the State. [Hanley v. Kansas City Southern Ry. Co., 187 U. S. 617; Bateman v. Western Union Tel. Co., 93 S. E. 467 (N. C.); Western Union Tel. Co. v. Kaufman, 162 Pac. 708 (Ok.); Western Union Tel. Co. v. Bolling, 91 S. E. 154 (Va.); Western Union Tel. Co. v. Lee, 192 S. W. 70 (Ky.); Davis v. Western Union Tel. Co., decided by this court but not yet reported.]

Plaintiff calls our attention to the fact that this message was not sent from Kansas City directly to

Omaha and thence to Triplett but was sent to St. Louis, Missouri, thence to Omaha, and thence to Triplett. Why the message took this course is not explained. The undisputed evidence shows that the message could have been sent directly from Kansas City to Omaha and thence to Triplett. The fact that it was sent by way of St. Louis does not show or indicate any effort of the defendant to avoid the statute mentioned, and as the message was sent to Triplett through another State it was clearly an interstate one and was not subject to the penalty provided in the statute.

The judgment is reversed. All concur.