WESTERN UNION TELEGRAPH COMPANY *v.*
BUSHNELL.

[No. 10,503. Filed June 23, 1920.]

1. COMMERCE.— *Interstate Commerce.— Transmission of Telegram.*—The transmission of intelligence by wire, being commerce, is governed by the act of congress regulating the same, where the route of transmission lies in more than one state, although the point of origin and the point of destination of the message are within the same state. p. 514.

2. COMMERCE.—*Interstate Telegram.—Failure to Deliver.—Recovery of Penalty Under State Statute.*—Where a telegram sent to a point within the same state was transmitted by a route lying partly in another state, and where in so doing the telegraph company used the only route it had, the sender, on the company's failure to deliver the telegram could not recover the penalty imposed by §§5780, 5781 Burns 1914, Acts 1885

p. 151, since the transmission of the telegram constituted interstate commerce, so that the state statute was inapplicable. p. 516.

3. COMMERCE.—*Interstate Telegram.—Failure to Deliver.—State Statute Imposing Penalty.—Applicability.*—Where a telegram sent to a point in the same state was transmitted by a route lying partly in another state over the only route available to the company, so that the transmission constituted interstate commerce, the fact that the failure to make delivery occurred in the same state as the point of the telegram's origin did not make applicable the state statutes (§§5780, 5781 Burns 1914, Acts 1885 p. 151), imposing a penalty for failure to deliver a telegram. p. 516.

4. COMMERCE.—*Interstate Telegram.—Route of Transmission.*— A telegraph company in transmitting a message having both its origin and destination within the same state need not, in order to avoid subjecting itself to the penalty imposed by §§5780, 5781 Burns 1914, Acts 1885 p. 151, for failure to deliver a telegram, transmit the same wholly within the boundaries of the state, even if it is possible to do so, where it might be sent, in a safer and more practical and expeditious way in the usual course of business, by a route lying partly without the state. p. 517.

From White Circuit Court; *J. P. Wason*, Judge.

Action by Will S. Bushnell against the Western Union Telegraph Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Edwin P. Hammond, Dan W. Simms, William A. Stuart, Charles A. Stuart, Allison E. Stuart* and *Francis R. Stark*, for appellant.

*L. D. Carey*, for appellee.

BATMAN, J.—This action was instituted by appellee to recover from appellant the statutory penalty, provided by §§5780, 5781 Burns 1914, Acts 1885 p. 151, for failure to deliver a telegram sent by appellee from Monticello, Indiana, to his son at Gary, Indiana. Appellant filed an answer in three paragraphs, the first being a general denial. The second paragraph avers in substance, among other things, that appellant had no

means within the State of Indiana of transmitting said message from Monticello to Gary, and that it was necessary to route the same through a point outside the State of Indiana in transmitting the same from the former to the latter point; that because of such fact said message was transmitted from its office at Monticello, Indiana, to its office at Chicago in the State of Illinois, and was thence transmitted to its office at Gary, Indiana; that by reason of such facts it was transmitted in interstate commerce, and was subject wholly to the act of Congress of the United States in that regard. The third paragraph avers in substance that the sending of the message in question by the way of Chicago, Illinois, as described above, was the usual and most direct method of transmitting messages between the points named, and that appellant had no other means as practical or expeditious for that purpose. It then concludes with the same averments as the second paragraph with reference to the transmission of such message in interstate commerce. Appellee filed a demurrer to each the second and third paragraphs of said answer, which was overruled as to the second paragraph and sustained as to the third. The issues were closed by a reply in denial to said second paragraph. The cause was submitted to the court for trial without the intervention of a jury, resulting in a finding and judgment in favor of appellee. Appellant filed a motion for a new trial, which was overruled, and now prosecutes this appeal on an assignment of errors, which requires a consideration of the questions hereinafter determined.

Appellant contends that the court erred in overruling its motion for a new trial. It bases this contention on the grounds that the decision of the court is not sustained by sufficient evidence and is contrary to law. As pertinent to this contention, we note that the undisputed

evidence shows that on December 13, 1917, appellee delivered a message to appellant, at its office in Monticello, Indiana, to be transmitted to his son by wire at Gary, Indiana; that appellant transmitted said message by sending it by wire from Monticello to Chicago, Illinois, from which point it was transmitted by wire to Gary, Indiana; that appellant in so transmitting said message used the only means of communication available, and in its transmission was required to relay it to a point outside of the State of Indiana. There was evidence to sustain the finding that said message was never delivered.

Based on the undisputed facts stated above, appellant contends that the transmission of such message was interstate commerce, and for that reason the sections of the statute on which appellee bases his cause of action have no application. It is well settled that the transmission of intelligence by wire, being commerce, is governed by the act of Congress regulating the same, where the route of such transmission lies in more than one state. *Western Union Tel. Co.* v. *Bolling* (1917), 120 Va. 413, 91 S. E. 154, Ann. Cas. 1918C 1026; *Western Union Tel. Co.* v. *Lee* (1917), 174 Ky. 210, 192 S. W. 70, Ann. Cas. 1918C 1026; *Pensacola Tel. Co.* v. *Western Union Tel. Co.* (1877), 96 U. S. 1, 24 L. Ed. 708; *Telegraph Co.* v. *Texas* (1881), 105 U. S. 460, 26 L. Ed. 1067; *Western Union Tel. Co.* v. *Pendleton* (1887), 122 U. S. 347, 7 Sup. Ct. 1126, 30 L. Ed. 1187. And this is true as a rule, although the point of origin and the point of destination of the message transmitted are within the same state. *Klippel* v. *Western Union Tel. Co.* (1920), 106 Kan. 6, 186 Pac. 993, and cases there cited. For a time there was some question as to whether the act of Congress regulating interstate commerce had so far covered the field of legislation in that regard as to render the

sections of the statute under which this action is brought inoperative, where the message involved was transmitted in such manner as to constitute interstate commerce. The Supreme Court of this state, in the case of *Western Union Tel. Co. v. Boegli* (1917), 187 Ind. 238, 115 N. E. 773, held that such act, while covering administrative matters, did not exclusively cover negligent performance of common law or statutory duties by carriers, and sustained a judgment for the penalty, provided by said §5781 Burns 1914, *supra,* for failing to deliver a message, which had been transmitted in interstate commerce, as required by the preceding section. Afterwards a writ of error was taken to the Supreme Court of the United States, where the action of the Supreme Court of this state was reversed, and the cause remanded for further proceedings. In the course of its opinion the court, in speaking of the scope of the act of Congress regulating interstate commerce, said: "The proposition that the act of 1910 must be narrowly construed so as to preserve the reserved power of the state over the subject in hand, although it is admitted that that power is in its nature federal, and may be exercised by the state only because of nonaction by Congress, is obviously too conflicting and unsound to require further notice. We therefore consider the statute in the light of its text, and, if there be ambiguity, of its context, in order to give effect to the intent of Congress as manifested in its enactment. As the result of doing so, we are of opinion that the provisions of the statute bringing telegraph companies under the Act to Regulate Commerce, as well as placing them under the administrative control of the Interstate Commerce Commission, so clearly establish the purpose of Congress to subject such companies to a uniform national rule as to cause it to be certain that there was no room thereafter for the exercise by the several states of power to regulate, by

penalizing the negligent failure to deliver promptly an interstate telegram, and that the court below erred, therefore, in imposing the penalty fixed by the state statute." *Western Union Tel. Co.* v. *Boegli* (1920), 251 U. S. 315, 40 Sup. Ct. 167, 64 L. Ed. 281. Under the law as stated, we are clearly of the opinion that

2. the undisputed facts show that the message in question in the instant case was transmitted in interstate commerce, and that the sections of the statute on which this action is based do not afford any ground for relief. It follows that the court erred in overruling appellant's motion for a new trial.

Appellee in his effort to sustain the decision of the trial court has cited a number of cases, but an examination discloses that none are controlling, as they

3. are either not applicable or are distinguishable.

Our attention, however, is directed to the fact that the undisputed evidence shows that the dereliction of duty on the part of appellant, in failing to make the delivery, occurred at Gary, Indiana. Based on this fact, appellee contends that the sections of the statute in question are applicable. We cannot concur in this contention. It has been held that the delivery of goods transported in interstate commerce was a part of such commerce, and until such delivery was made federal authority over the shipment is supreme and exclusive. *Rhodes* v. *Iowa* (1898), 170 U. S. 412, 18 Sup. Ct. 664, 42 L. Ed. 1088; *McNeill* v. *Southern R. Co.* (1906), 202 U. S. 543, 26 Sup. Ct. 722, 50 L. Ed. 1142; *St. Louis, etc., R. Co.* v. *Edwards* (1913), 227 U. S. 265, 33 Sup. Ct. 262, 57 L. Ed. 506. It has been held that a telegraph company occupies the same relation to commerce as a carrier of messages, that a railroad company does as a carrier of goods; that both companies are instruments of commerce, and their business is commerce itself. *Reed* v. *Western Union Tel. Co.* (1894), 56 Mo.

App. 169; *Western Union Tel. Co.* v. *Tyler* (1893), 90 Va. 297, 18 S. E. 280, 44 Am. St. 910. It follows that the rule stated above, as to the delivery of goods shipped in interstate commerce, must be applied to telegraph messages so transmitted. When this is done our conclusion is fully sustained.

We concur in appellant's contention that the trial court erred in sustaining appellee's demurrer to its third paragraph of answer. Not to do so would require that we hold, in effect, that a telegraph company must transmit a message, which has both its origin and destination within this state, wholly within its boundaries, if it is possible to do so, although it might be sent in a safer and more practical and expeditious way, in the usual course of its business, by a route which lies partly without the state, or incur the penalty of the statute. The effect of such a holding would be to restrict such a company to intrastate commerce in the transmission of messages, where possible, regardless of its practicability, or the efficiency of the service rendered thereby. Such a restriction upon the right of such a company to engage in interstate commerce would be unwarranted. In the case of *Western Union Tel. Co.* v. *Taylor* (1914), 57 Ind. App. 93, 104 N. E. 771, this court sustained a judgment for the statutory penalty provided for the violation of §5780 Burns 1914, *supra.* The message in that case was filed for transmission from Shoals, Indiana, to Evansville, Indiana, but was sent by way of Cincinnati, Ohio. In distinguishing that case from the case of *Hanley* v. *Kansas City, etc., R. Co.* (1903), 187 U. S. 617, 23 Sup. Ct. 214, 47 L. Ed. 333, this court said: "We do not think that case would control here. There is no showing that the route used by appellant in this case was the only route between Shoals and Evansville, *or that it was a more practicable route than any other.*" (Our italics.) In

the instant case the paragraph of answer under consideration alleges that the message in question was sent in the usual and most direct method of transmitting messages between the points named, and that appellant had no other means as practical or expeditious for that purpose. The following cases cited by appellant support the conclusion we have reached. *Western Union Tel. Co.* v. *Mahone* (1917), 120 Va. 422, 91 S. E. 157; *Western Union Tel. Co.* v. *Lee, supra; Taylor* v. *Western Union Tel. Co.* (1918), 199 Mo. App. 624, 204 S. W. 818; *Bateman* v. *Western Union Tel. Co.* (1917), 174 N. C. 97, 93 S. E. 467, L. R. A. 1918A 803.

The judgment is reversed, with instructions to sustain appellant's motion for a new trial, and to overrule appellee's demurrer to appellant's third paragraph of answer, and for further proceedings consistent with this opinion.